James JARDINE, Plaintiff–Appellant,

v.

MARYLAND CASUALTY COMPANY; OneBeacon Insurance Company; Employers Fire Insurance Company, Defendants–Appellees.

---

James Jardine, Plaintiff–Appellant,

v.

Maryland Casualty Company; OneBeacon Insurance Company; Employers Fire Insurance Company, Defendants–Appellees.

Nos. 11–17574, 12–15157.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 10, 2013.

Filed June 25, 2013.

Ronald G. Peck, Schenone & Peck, Hayward, CA, for Plaintiff–Appellant.

Sheila T. Addiego, Jonathan Gross, Esquire, Bishop Barry Drath, Emeryville, CA, Vivian L. Lerche, Cholakian & Associates APC, Dawn Abigail Silberstein, Brandt Louis Wolkin, Wolkin Curran LLP, San Francisco, CA, for Defendants–Appellees.

Before: RIPPLE,* FERNANDEZ, and CALLAHAN, Circuit Judges.

MEMORANDUM **

James Jardine appeals the district court's grant of summary judgment to Ma-

ryland Casualty Company (Maryland) and Employers Fire Insurance Company (Employers) on Jardine's claims against them arising out of damage to the south wall of his building due to an improper plastering job and arising out of damage caused by a small fire in the building. We affirm.

(1) Jardine asserts that the district court erred when it held that the deterioration exclusion in the Maryland policy precluded coverage of his claim regarding the south wall damage,[1] and that Maryland was not precluded from so arguing.[2] He also asserts that the district court erred when it determined that he was not entitled to more than he had already been paid for the fire loss and any of its consequences.[3] We do not agree. Rather, after careful review, we do agree with the district court's thoroughly reasoned analysis of the record and of California law. We, therefore, affirm for the reasons set forth in the district court's order regarding Maryland.

(2) Jardine then asserts that the district court erred when it held that the deterioration exclusion in the Employers policy precluded his first party claim regarding south wall damage,[4] and that the south wall damage was manifest before the Employers policy was obtained, which precluded his third party claim.[5] He also asserts that the district court erred when it determined that he was not entitled to more than he had already been paid for the fire damage and any of its conse-

* The Honorable Kenneth F. Ripple, Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. *Jardine v. Maryland Cas. Co.*, 823 F.Supp.2d 955, 960–61 (N.D.Cal.2011).

2. *Id.* at 962.

3. *Id.* at 962–66.

4. *Jardine v. Employers Fire Ins. Co.*, Nos. 10–3335 SC, 10–3336 SC, 2011 WL 6778798 (N.D.Cal. Dec. 27, 2011), Order Granting Defendant's Motion for Summary Judgment at 20–21.

5. *Id.* at 22–25.

quences.[6] Again, we do not agree. Rather, after careful review, we do agree with the district court's thoroughly reasoned analysis of the record and of California law. We, therefore, affirm for the reasons set forth in the district court's order regarding Employers.

AFFIRMED.

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

